Any statute which classifies the congregation of blacks in this case as a riot raises serious constitutional questions. The state court places no limiting construction upon the statute. It first notes that the statute is similar to the federal riot control statute, then discusses whether other Mississippi statutes are constitutional, and finally concludes that the challenged statute "sufficiently informed the defendants of the essential elements of the offense." 269 So. 2d, at 644. The challenged statute is *not* like its federal counterpart. Title 18 U. S. C. § 2102, unlike the Mississippi statute, necessitates a clear and present danger of property damage or personal injury. The conclusory statement that these defendants were sufficiently informed of the essential . elements, is not an answer to the matter of overbreadth.

I would note probable jurisdiction.

No. 72–6634. SMITH *v.* SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA. Appeal from Ct. App. Cal., 1st App. Dist., dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

No. 72–6659. SMITH *v.* SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA, ET AL. Appeal from Ct. App. Cal., 1st App. Dist., dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

No. 72–6822. ALERS *v.* SOTO, JUDGE. Appeal from Sup. Ct. P. R. dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

No. 73–79. JENNINGS *v.* CANOTT. Appeal from Sup. Ct. Iowa. Motion to dispense with printing jurisdictional statement granted. Appeal dismissed for want of jurisdiction. Treating the papers whereon the appeal